Mayham, J.
There was a conflict m the evidence before the justice as to the contract of sale, and the justice upon that conflict seemed to find with the plaintiff, and as there was evidence sufficient to support that finding, his judgment should be sustained on appeal, unless clearly against the weight of evidence, or there was error in the admission or rejection of evidence which might have influenced the result. It is insisted by the defendant that there was such error and for that reason the judgment of the justice was. properly reversed by the county court on appeal.
*506 On the trial, the defendant having been given the affirmative, produced evidence tending to show a warrant and breach, and the damages based upon the alleged difference in value of the horse as claimed to have been recommended, and as he really was at the time of the sale.
On the plaintiffs assuming the case in reply to the evidence of the defendant, he offered evidence tending to deny the defendant’s theory of warrantee, and to establish that the defendant bought the horse with a full knowledge of all his faults and defects, and against which there was no warrantee. Witnesses who were shown to have had knowledge of the defects in the horse at or about the time of the sale, were asked what he was worth at that time. This evidence was objected to as improper and incompetent, and the witnesses were not shown competent to answer. The objections were overruled and the evidence received.
There is nothing in the objection to the competency of the witnesses to give an opinion as to the value. They were shown competent to speak of the value of the horse. Nor was the time at which witnesses assumed to estimate the value objectionable, it was about the time of the sale. The rule is well settled that on the sale of property at the time of the sale as it recommended, and as it was with the defects complained of is the true rule or measure of damages. Muller v. Eno, 14 N. Y., 597.
And that rule was properly applied by the defendant in this case in proving his damages. But was that rule applicable in this case to the plaintiff’s theory ? His theory was that there was no warrantee and that the defendant purchased the horse with a knowledge of the defects. It may be true that if his theory is right as to the contract, and defendant’s knowledge of the quality of the horse, no legal obligation rested upon plaintiff to prove the value, and that the evidence in that aspect of the case was immaterial. But as the witnesses for the defendant had been permitted to give their estimate of value with the defect, it would be proper for the plaintiff’s witnesses to estimate the value upon a like hypothesis, and as it appears that both of plaintiff’s witnesses called upon that subject knew of his unsoundness at the time of the estimate of the value, I do not think it was error to receive that evidence.
It is also claimed by the respondent that the justice erred in receiving the testimony of the witness Wilcox, of what B. H. Kays, the plaintiff’s agent, said in a conversation with him about the manner of the defendant’s treatment of the horse. On the trial it seems that one of the questions litigated was as to whether the defendant had not by ill-treatment aggravated the maladies of the horse. Defendant called Wilcox, who, on defendant’s examination, *507 and without objection, testified that Kays, plaintiff’s agent, sometime after the sale, said “he told defendant at the time of the bargain that if he treated the horse well, and he did not turn out well, he would make him good.” On the cross-examination of Kays, plaintiff asked him this question: “In this conversation did Kays say that he understood that defendant did not treat the horse well % ” This question was objected to by the defendant as immaterial, improper and illegal. The objection was overruled and witness answered: “Understood he did not treat the horse well.” What was said and done by the defendant and plaintiff’s agent at the time of the sale could not be properly proved on the trial as a part of the res gestee whether that could be proved by the plaintiff’s agent, a'fter the business was all transacted, it is not clear, but as the evidence was received without objection no point can be made upon it here. The answer elicited on the cross-examination did not relate to what was said or done at the time of the sale. It was an independent statement of what B. H. Kays said as to the treatment of the horse long after the sale; in no clause could it be treated as, part of the res gestae. Was it competent evidence under objection ? It is a well settled rule of evidence that where a party seeks to prove a conversation by a witness the whole conversation upon the same subject must, if desired, be received. But I do not think the rule can be extended so as to make the statement of B. H. Kays to Wilcox as to his understanding-how the horse had been treated competent. That was not the subject of the conversation or statement into which the defendant inquired, and did not relate to the subject matter of that inquiry; it was an independent statement of the witness, hearsay in itself, and based upon what happened to be hearsay of Kays.
We think the evidence is incompetent, and as it was directed to one of the litigated questions on the trial, it furnished sufficient legal reason for the county court to reverse the judgment of the justice.
The judgment of the county court should be affirmed with costs.
Learned, P. J., and Landon, J. concur.